JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Angel Silva Dominguez,<br>Petitioner,<br>v.<br>Russell Washburn, et al.,<br>Respondents. | No. CV-23-00424-PHX-ROS (CDB)<br><br>**ORDER** |

**I.  Procedural History**

On November 14, 2022, Petitioner Jose Angel Silva Dominguez, who was formerly confined in the Eloy Detention Center, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody in the United States District Court for the Middle District of Georgia.  (Doc. 1.)  On November 29, 2022, Magistrate Judge Stephen Hyles ordered Respondent to file a responsive pleading.  (Doc. 7.)  On January 3, 2023, Respondent filed a Response to the Petition.  (Doc. 10.)  Subsequently, United States District Judge Clay D. Land granted Petitioner's Motion to Transfer and transferred the case to this Court.  (Docs. 11, 14.)  On March 10, 2023, the case was assigned to the undersigned.  (Doc. 16.)

**II.  Immigration Proceedings**

Petitioner is a native and citizen of Mexico.  (Doc. 10-2 at 2.)  In July 2012, Plaintiff entered the United States from Mexico.  (*Id.* at 3.)  The same day, he was apprehended and allowed to voluntarily return to Mexico.  (*Id.*)

On June 15, 2017, Petitioner applied for admission to the United States at the port of entry in Nogales, Arizona, and claimed that he needed medical attention because a group of men had set him on fire. (*Id.*) Because of Petitioner's urgent medical issues, Immigration and Customs Enforcement, Enforcement and Removal Operations (ICE/ERO) declined to take Petitioner into custody due to his urgent medical issues, and Customs and Border Patrol (CBP) agents transported him to the University Medical Center in Tucson, Arizona. (*Id.*)

On June 23, 2017, CBP initiated removal proceedings by issuing Petitioner a Notice to Appear that designated Petitioner as an arriving alien and charged him with removability pursuant to Immigration and Nationality Act, §§ 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as a non-citizen applying for admission without a valid visa, reentry permit, border crossing identification card, or other valid entry document. (Doc. 10-3.) The same day, CBP paroled Petitioner into the United States for a period of one year for the purpose of attending removal proceedings. (Doc. 10-4.)

On January 28, 2019, an immigration judge (IJ) conducted a merits hearing, denied Petitioner's applications for asylum, withholding of removal, and deferral of removal, and ordered him removed. (Doc. 10-5.) On February 27, 2019, Petitioner appealed the IJ's removal order to the Board of Immigration Appeals (BIA). (Doc. 10-6.)

On December 5, 2019, while Petitioner's appeal of his removal order remained pending, he was arrested in Tucson, Arizona. (Doc. 10-7.) On December 16, 2019, he was indicted and charged in Pima County Superior Court with two counts each of possession of a narcotic drug for sale, possession of a dangerous drug for sale, trafficking in stolen property, and kidnapping. (Doc. 10-8.) On June 9, 2020, Petitioner pleaded guilty to two counts of possession of a narcotic drug. (Doc. 10-9.) On June 17, 2020, Petitioner was sentenced to three years' probation on both counts, with both sentences to run concurrently. (Doc. 10-10.) The same day, he entered ICE/ERO custody. (Decl. of Beth Limrick, Doc. 10-1 at 3 ¶ 16.)

On December 28, 2020, the BIA dismissed Petitioner's appeal of the IJ's removal

order, and the removal order became final. (Doc. 10-11.) On January 4, 2021, Petitioner filed a petition for review with the United States Court of Appeals for the Ninth Circuit. (Doc. 10-12.) On November 22, 2021, the Department of Homeland Security (DHS) filed an unopposed motion to remand in the Ninth Circuit. (Doc. 10-16.) The Ninth Circuit granted the motion to remand, and on December 20, 2021, the BIA issued a Notification of Pending Federal Court Remand to DHS and Petitioner. (Doc. 10-17.)

On June 7, 2022, Petitioner filed an unopposed motion to remand with the BIA. (Doc. 10-18.) On October 20, 2022, the BIA remanded Petitioner's case to the IJ for further proceedings. (Doc. 10-19.) The IJ scheduled a hearing on remand for December 13, 2022, but, in light of Petitioner's request that the case remain in Arizona, the hearing was reset for February 9, 2023, pending Petitioner's transfer from Stewart Detention Center in Lumpkin, Georgia. (Limrick Decl. ¶ 27.) On May 17, 2023, the IJ granted Convention Against Torture (CAT) withholding.[1]

**III. Petition**

In his Petition, Petitioner asserts that his detention violates his right to substantive and procedural due process and states that he has been continuously detained for "twenty-[something] months" without "any meaningful review of his detention." Petitioner's current detention status is unclear, however, because the Response to the Petition was filed before Petitioner was granted CAT withholding, and ICE records do not reflect that Petitioner is currently detained in ICE custody.[2] The Court will require Respondent to file, within 14 days of the filing date of this Order, a status update regarding Petitioner's immigration proceedings that includes a discussion of Petitioner's current detention status and any impact that alterations in Petitioner's immigration and/or detention status have on this case.

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (search by A-Number 209-801-590) (last accessed Nov. 15, 2023).

[2] https://locator.ice.gov/odls/#/index (search by A-Number 209-801-590) (last accessed Nov. 15, 2023).

**IT IS ORDERED** that within **14 days** of the filing date of this Order, Respondent **must file** a status update regarding Petitioner's immigration proceedings that includes a discussion of Petitioner's current detention status and any impact that alterations in Petitioner's immigration and/or detention status have on this case.

Dated this 15th day of November, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge