JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Angel Silva Dominguez,<br>　　　　　Petitioner,<br>v.<br>Russell Washburn, et al.,<br>　　　　　Respondents. | No.　CV-23-00424-PHX-ROS (CDB)<br><br>**ORDER** |

**I.　Procedural History**

On November 14, 2022, Petitioner Jose Angel Silva Dominguez, who was formerly confined in the Eloy Detention Center, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody in the United States District Court for the Middle District of Georgia. (Doc. 1.) On November 29, 2022, Magistrate Judge Stephen Hyles ordered Respondent to file a responsive pleading. (Doc. 7.) On January 3, 2023, Respondent filed a Response to the Petition. (Doc. 10.) Subsequently, United States District Judge Clay D. Land granted Petitioner's Motion to Transfer and transferred the case to this Court. (Docs. 11, 14.) On March 10, 2023, the case was assigned to the undersigned. (Doc. 16.)

**II.　Petition**

In the Petition, Petitioner asserts that his continued detention violates his right to substantive and procedural due process and states that he has been continuously detained for "twenty-[something] months" without "any meaningful review of his detention." In a

November 15, 2023 Order, the Court noted that Petitioner's current detention status was unclear because Immigration Customs and Enforcement (ICE) records did not reflect that Petitioner was detained in ICE custody. The Court directed Respondent to file, within 14 days of the filing date of the Order, a status update regarding Petitioner's immigration proceedings that includes a discussion of Petitioner's current detention status and any impact that alterations in Petitioner's immigration and/or detention status have on this case.

On November 20, 2023, Respondent filed a Status Report and Suggestion of Mootness. Respondent states that Petitioner was released from ICE custody on August 31, 2023.

A habeas corpus "petitioner's release from detention under an order of supervision 'moots his challenge to the legality of his extended detention.'" *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002)). Similarly, a habeas corpus petition filed by a petitioner who "challenge[s] only the length of his detention, as distinguished from the lawfulness of the deportation order, . . . . [is] rendered moot by his removal." *Id*. at 1062.

Because Petitioner is no longer in ICE custody, the Petition is moot, and the Court lacks jurisdiction over it. The Court will therefore dismiss the Petition and this case.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 22nd day of November, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge